**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 20-1743

Caption [use short title]

**Motion for:** Sanctions pursuant to Fed. R. App. P. 38 against Appellant.

HDI Global, SE v. Phillips 66 Company

Set forth below precise, complete statement of relief sought:

Respondent-Appellee Phillips 66 Company seeks sanctions against

Petitioner-Appellant HDI Global SE for bringing this frivolous

appeal to vacate an arbitration award. Appellee respectfully

requests an award of the costs, including attorneys' fees,

it has incurred as a result of this frivolous appeal and

any other sanction that this Court deems appropriate.

**MOVING PARTY:** Phillips 66 Company

**OPPOSING PARTY:** HDI Global, SE

- [ ] Plaintiff
- [ ] Defendant
- [ ] Appellant/Petitioner
- [x] Appellee/Respondent

**MOVING ATTORNEY:** John N. Ellison

**OPPOSING ATTORNEY:** Michael A. Knoerzer

[name of attorney, with firm, address, phone number and e-mail]

REED SMITH LLP

Clyde & Co US LLP

599 Lexington Avenue New York, NY 10022

405 Lexington Avenue New York, New York 10174

(212) 521-5400, jellison@reedsmith.com

(212) 710-3900, Michael.Knoerzer@clydeco.us

Court-Judge/Agency appealed from:

**Please check appropriate boxes:**

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- [x] Yes [ ] No (explain):

Has request for relief been made below?  [ ] Yes [ ] No
Has this relief been previously sought in this Court?  [ ] Yes [ ] No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
- [ ] Unopposed [x] Opposed [ ] Don't Know

Does opposing counsel intend to file a response:
- [x] Yes [ ] No [ ] Don't Know

Is oral argument on motion requested?  [x] Yes [ ] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [x] No  If yes, enter date:

**Signature of Moving Attorney:**

s/John N. Ellison  **Date:** 10/05/2020  Service by: [x] CM/ECF  [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 20-1743

## United States Court of Appeals

*for the*

## Second Circuit

HDI GLOBAL, SE, F/K/A HDI-GERLING INDUSTRIE VERSICHERUNG AG ,

*Petitioner-Appellant,*

--against--

PHILLIPS 66 COMPANY,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## RESPONDENT-APPELLEE'S MOTION FOR SANCTIONS

JOHN N. ELLISON
REED SMITH LLP
599 LEXINGTON AVENUE
NEW YORK, NY 10022
(212) 521-5400

*Attorney for Respondent-Appellee*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Respondent-Appellee Phillips 66 Company, by its undersigned counsel, hereby states that Phillips 66 Company, a Delaware corporation, is a wholly-owned subsidiary of Phillips 66, a publicly-traded Delaware corporation. At the time of this filing, there are no shareholders owning 10% or more of Phillips 66.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................1

FACTUAL BACKGROUND.................................................................2

SUMMARY OF THE ARGUMENT ......................................................4

ARGUMENT .........................................................................................4

    A.    Legal Standard.............................................................................4

    B.    Gerling's Appeal Is Patently Frivolous...................................5

        1.    Gerling's Appeal Fails to Address the Grounds for the District Court's Decision. ...........................................6

        2.    Gerling's Appeal Misrepresents the Plain Meaning of the Third Partial Final Award. ......................................6

        3.    Gerling's Agreement to Arbitrate this Dispute Weighs in Favor of Imposing Sanctions. ....................................7

CONCLUSION.......................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bankers Trust Co. v. Publicker Industries, Inc.*,
   641 F.2d 1361 (2d Cir. 1981) ..............................................................5

*Beter v. Murdoch*,
   771 F. App'x 62 (2d Cir 2019) ............................................................6

*B.L. Harbert International, LLC v. Hercules Steel Co.*,
   441 F.3d 905 (11th Cir. 2006), (*abrograted on other grounds by
Frazier v. CitiFinancial Corp.*, 604 F.3d 1313 (11th Cir. 2010) ........8

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ..............................................................................4

*DigiTelCom, Ltd. v. Tele2 Sverige AB*,
   No. 12 Civ. 3082(RJS), 2012 WL 3065345 (S.D.N.Y. July 25, 2012) ...............8

*In re Drexel Burnham Lambert Group Inc.*,
   995 F.2d 1138 (2d Cir. 1993) ..............................................................5

*Galin v. Kunitake Hamada*,
   753 F. App'x 3 (2d Cir. 2018) ............................................................6

*Gallop v. Cheney*,
   642 F.3d 364 (2d Cir. 2011) ..............................................................5

*Oxford Health Plans LLC v. Sutter*,
   569 U.S. 564 (2013) ............................................................................5

*Ransmeier v. Mariani*,
   718 F.3d 64 (2d Cir. 2013) ..............................................................4, 5

*ReliaStar Life Insurance Co. of New York v. EMC National Life Co.*,
   564 F.3d 81 (2d Cir. 2009) ..............................................................6

*Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce
Factory, Ltd.*,
   682 F.3d 170 (2d Cir. 2012) ..............................................................5

*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*,
    592 F.3d 329 (2d Cir. 2010) .................................................................4

*Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers*
    *Local Union No. 580*,
    813 F.2d 562 (2d Cir. 1987) .................................................................8

Respondent-Appellee Phillips 66 Company ("P66") submits this Memorandum of Law in support of its motion for sanctions, pursuant to Federal Rule of Appellate Procedure 38 and this Court's inherent authority, against Petitioner-Appellant HDI Global SE ("Gerling"). Because this motion pertains to the merits of Gerling's appeal to this Court, P66 respectfully requests that this motion be assigned to the panel that has been or will be reviewing the appeal.

## PRELIMINARY STATEMENT

In its appeal, Gerling asks this Court to take the extraordinary step of vacating an arbitration panel's (the "Panel") award under Section 10(a)(4) of the Federal Arbitration Act ("FAA"). Although Gerling's opening brief stretches 39 pages, it makes only one argument—that the Court should vacate the Panel's Third Partial Final Award based upon Gerling's distorted and incorrect construction of a single sentence. The Third Partial Final Award is premised on multiple prior decisions involving the same issue and same result in nearly eight years of arbitrating this and many other issues. Gerling's argument concerning one sentence both misrepresents the Panel's decision and fails to address any of the grounds for the District Court's decision to confirm the arbitration award. Gering's appeal is frivolous. P66 respectfully requests that this Court grant this motion for sanctions against Gerling for needlessly extending these proceedings and thereby forcing P66 to incur significant additional legal expenses.

1

## FACTUAL BACKGROUND

By way of background, the underlying arbitration involves insurance coverage under an excess liability insurance policy sold by Gerling (the "Gerling Policy") to P66's predecessor Tosco Corporation ("Tosco"). (A-202).[1] Tosco sought coverage from Gerling for a series of product liability lawsuits brought against it and other refiners and distributors of gasoline containing a government-mandated oxygenate, methyl butyl ethylene ("MTBE"). (A-203). One of the two dozen defenses raised by Gerling was the application of a Pollution Exclusion in the Gerling Policy, which contained a Product Liability Exception. (A-188, ¶ 6).

The arbitration between Tosco and Gerling consisted of significant discovery, hundreds of pages of briefing, and multiple hearings over three phases beginning in 2013. (A-188, ¶ 4). The Panel consisted of three highly qualified jurists. Retired Judge Abraham Sofaer of the United States District Court for the Southern District of New York served as the Panel's Chair; Jerold Oshinsky, Esq. and Caleb Fowler, Esq. served as arbitrators. (A-203).

In a decision early in the arbitration in June 2013, the Panel construed the meaning of the Product Liability Exception under New York law, and this construction served as the pole star for the Panel and the parties for the next six plus years of arbitration. (A-188, ¶ 7; A-183-84). Operating under this ruling, the Panel

---

[1] Citations refer to the Joint Appendix (Doc. No. 37).

evaluated coverage for successive groups of Underlying MTBE Claims in orders addressing three sets of cases and denominated Phase I (September 16, 2014), Phase II (August 24, 2017) and Phase III (October 27, 2019). (A-189, ¶ 8). The parties in their written submissions, and the Panel in its rulings in Phase I and Phase II, consistently relied on the Panel's construction of the Product Liability Exception set forth in Order No. 1. (A-189). Gerling did not file any motion to vacate the orders in Phase I and Phase II, but filed a petition to vacate the Third Partial Final Award in the District Court. (A-202).

On May 12, 2020, the United States District Court for the Southern District of New York denied Gerling's petition to vacate, and granted P66's cross-motion to confirm the arbitration award. (A-202-08). In denying Gerling's petition, the District Court ruled that the Third Partial Final Award was:

> …based on the Panel's reasonable interpretation and application of the terms of the Policy. *There is no support* for the claim that the Panel "decided to ignore" or "pay no attention" to New York law or that there was any "egregious impropriety on the part of the arbitrators."

(A-208) (emphasis added).

On June 5, 2020, Gerling filed an amended notice of appeal. On September 2, 2020, Gerling filed its opening appellate brief. On October 5, 2020, P66 filed its opposition brief.

## SUMMARY OF THE ARGUMENT

Gerling's appeal is patently frivolous. Gerling "clearly fail[ed] to demonstrate" any ground to vacate the award in the District Court and this appeal brings no new challenge. The single argument Gerling advances is based on a misrepresentation of the basis for the Third Partial Final Award (which was the same reasoning employed by the Panel in Order No. 1, Phase I and Phase II). Gerling agreed to arbitration, and agreed that the Panel should rule upon this specific issue. Its continued challenge of the Panel's decision based on dissatisfaction with the outcome undermines the purpose of arbitration while imposing needless litigation costs on P66. This frivolous appeal warrants sanctions.

## ARGUMENT

### A. Legal Standard

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38. This Court is also empowered to impose sanctions pursuant to its "inherent power to control the proceedings that take place before [it]." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)).

A court may impose sanctions "when one party proceeds with an argument 'totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence.'" *T.Co Metals, LLC v. Dempsey*

*Pipe & Supply, Inc.,* 592 F.3d 329, 341 (2d Cir. 2010) (*quoting In re Drexel Burnham Lambert Group Inc.,* 995 F.2d 1138, 1147 (2d Cir. 1993)).  "The standard for the imposition of such a penalty is where the appeal taken is found to be groundless, without foundation, and without merit, *even though appellant did not bring it in bad faith.*"  *Drexel Burnham*, 995 F.2d at 1147 (2d Cir. 1993) (emphasis added). Nevertheless, conduct that "evinces bad faith or an egregious disrespect for the Court or judicial process" also provides grounds for sanction.  *Ransmeier*, 718 F.3d at 68.

### B. Gerling's Appeal Is Patently Frivolous.

This Court has imposed sanctions on parties that pursue patently frivolous appeals—meaning appeals "brought without the slightest chance of success."[2] *Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011) (*quoting Bankers Trust Co. v. Publicker Indus., Inc.*, 641 F.2d 1361, 1367 (2d Cir. 1981)).  Gerling's appeal seeks *vacatur* of an arbitration award under FAA § 10(a)(4).  "[C]ourts may vacate an arbitrator's decision only in very unusual circumstances."  *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 598 (2013) (quoted in Order at A-204) (internal quotations omitted).  "If the parties agreed to submit an issue for arbitration, we will uphold a challenged award as long as the arbitrator offers a barely colorable justification for

---

[2] *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) ("With respect to legal contentions, the operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify or reverse the law as it stands.") (internal quotations omitted).

the outcome reached." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (quoted in Order at A-204). Yet, Gerling presses on with its appeal although, as the District Court concluded, it "clearly fails to demonstrate" grounds to vacate the award. (A-206).

1. Gerling's Appeal Fails to Address the Grounds for the District Court's Decision.

An appeal that does not "even slightly" address the grounds for the district court's decision is frivolous. *See Beter v. Murdoch*, 771 F. App'x 62, 63 (2d Cir 2019). Gerling's appeal addresses none of the three grounds upon which the District Court based its decision. (*See* A-206-07 (enumerating in bolded typeface the grounds for the decision)). Instead, Gerling's appellate brief simply restates argument rejected in the District Court while ignoring the District Court's instruction that mere disagreement with an arbitration award is not grounds for *vacatur* under §10(a)(4). (A-206).

2. Gerling's Appeal Misrepresents the Plain Meaning of the Third Partial Final Award.

An appeal that misrepresents the record on appeal may warrant sanctions. *See Galin v. Kunitake Hamada*, 753 F. App'x 3, 9 (2d Cir. 2018). Gerling's appellate brief raises only one argument, which is that the Panel's decision was improperly based on public policy. (Appellant Br. at 19). Without evidence, Gerling asserts that policy considerations formed "the meat of the award." (*Id.* at 19). On the face

of the Panel decision, this is incorrect. Paragraph 82, which contains the allegedly improper sentence begins: "The Board agrees with Tosco that it has already determined the meaning of the exception for product liability in its Order No. 1." (A-75). The Board then explains how its conclusion is based on its conclusions in Order No. 1, before noting that policy considerations also "support" its decision. (A-75). The District Court expressly rejected the contention that either Order No. 1 or the Third Partial Final Award ruling were based on public policy and noted that both documents "stated as much." (A-207). Gerling's manifest misreading of the Third Partial Final Award and its disregard of the District Court's ruling rise to the level of misrepresentation.

### 3. Gerling's Agreement to Arbitrate this Dispute Weighs in Favor of Imposing Sanctions.

P66 appreciates that it requests a significant remedy. Yet, Gerling's persistence in pursuing meritless arguments in court in a matter it agreed to resolve through arbitration is egregious. Where sophisticated parties agree to resolve a dispute through arbitration, courts should sanction parties that engage in duplicative litigation that raises no legitimate challenge to the arbitration:

> Sanctions must not be imposed lightly. At the same time, where parties agree to arbitration as an efficient and lower-cost alternative to litigation, both the parties and the system itself have a strong interest in the finality of those arbitration awards. Thus, although courts should be careful not to chill parties' good-faith challenges to arbitration awards where there are serious questions of the tribunal's impartiality or authority, litigants must be discouraged from defeating the purpose

of arbitration by bringing such petitions based on nothing more than dissatisfaction with the tribunal's conclusions.

*DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 Civ. 3082(RJS), 20212 WL 3065345, at *7 (S.D.N.Y. July 25, 2012).[3]

Particularly in light of the protracted history of this dispute and Gerling's agreement to arbitrate, Gerling's appeal serves to "merely to delay the inevitable" and force P66 to incur additional litigation expenses. *Thomas C. Baer, Inc. v. Architectural & Ornamental Iron Workers Local Union No. 580*, 813 F.2d 562, 565 (2d Cir. 1987). In this circumstance, P66 submits that sanctions are warranted.

---

[3] *Accord B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913-14 (11th Cir. 2006) (*abrogated on other grounds by Frazier v. CitiFin. Corp.*, 604 F.3d 1313 (11th Cir. 2010) ("When a party who loses an arbitration award assumes a never-say-die attitude and drags the dispute through the court system without an objectively reasonable belief it will prevail, the promise of arbitration is broken. . . . Courts cannot prevent parties from trying to convert arbitration losses into court victories, but it may be that we can and should insist that if a party on the short end of an arbitration award attacks that award in court without any real legal basis for doing so, that party should pay sanctions.")

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, P66 respectfully requests that the Court impose sanctions against Gerling. If the Court so directs, P66 is prepared to promptly demonstrate the fees and costs it has incurred as a result of Gerling's frivolous appeal and this appellate motion.

Respectfully submitted,

Dated:  October 5, 2020
New York, New York

By:    s/John N. Ellison
John N. Ellison
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

*Attorney for Respondent-Appellee*
*Phillips 66 Company*

- 9 -

# <u>CERTIFICATE OF COMPLIANCE</u>

This memorandum of law complies with the type-volume limit of L. Fed. R. App. P. 27(d)(2)(A) and Circuit Rule 27.1(a)(1) because, excluding parts of the document exempted by Fed. R. App. 32(f), this document contains 1,958 words.

Additionally, this memorandum of law complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point Times New Roman style.

Dated:  October 5, 2020
          New York, New York

By:       s/John N. Ellison

*Attorney for Respondent-Appellee*
*Phillips 66 Company*